**SO ORDERED.**

**SIGNED this 17 day of September, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| ANTHONY SHELTON and
RACHEL SHELTON, | 09-04765-8-JRL |
| DEBTORS. | |

### ORDER DENYING TRUSTEE'S MOTION TO DISMISS

The matter before the court is the motion filed by the chapter 13 trustee, John Logan, to dismiss the debtors' case. A hearing was held in Raleigh, North Carolina on September 15, 2009.

Anthony Shelton and Rachel Shelton filed a petition for relief under chapter 13 of the Bankruptcy Code on June 9, 2009. The debtors' Schedule E lists Child Support Enforcement as having an unsecured priority claim for arrearage on a domestic support obligation as defined by 11 U.S.C. §§ 101(14A) and 507(a)(1). The debtors provided the address for Child Support Enforcement, but did not provide contact information for the actual holder of the claim and the eventual recipient of the funds paid to Child Support Enforcement, Ms. Martha Thorne. The debtors attempted to discover Ms. Thorne's contact information from the Department of Social Services

("DSS"), but were informed by a letter dated August 12, 2009 that "it goes against our unit's rules and procedures" to provide this information to Mr. Shelton or any other parties.

The trustee contends that the debtors must provide him with the direct contact information of Ms. Thorne, even if this means subpoenaing the DSS for the information, so that the trustee can provide the notices required by 11 U.S.C § 1302(b)(6) to Ms. Thorne.  In the alternative, the trustee asks that the court to provide an order that states the trustee has complied with § 1302(b)(6) by providing the required notices to the DSS with information for the DSS to forward the information to Ms. Thorne.  The debtors contend that a plain reading of the § 1302(b)(6) permits the trustee to fulfill his notice duties by providing the notices to DSS.  The debtors further contend that if the contact information of Ms. Thorne is required, the trustee should bear the costs of discovering this contact information because the debtors have complied with the duties required of them by 11 U.S.C. § 521.

Section 1302(b)(6) requires the trustee to provide notice as provided in subsection (d). Subsection (d)(1) states that

> the trustee shall–
> (A)(i) provide written notice to the holder of the claim described in subsection (b)(6) of such claim and of the right of such holder to use the services of the State child support enforcement agency established under sections 464 and 466 of the Social Security Act for the State in which such holder resides, for assistance in collecting child support during and after the case under this title; and
> (ii) include in the notice provided under clause (i) the address and telephone number of such State child support enforcement agency;
>  (B)(i) provide written notice to such State child support enforcement agency of such claim; and
> (ii) include in the notice provided under clause (i) the name, address, and telephone number of such holder; and
> (C) at such time as the debtor is granted a discharge under section 1328, provide written notice to such holder and to such State child support enforcement agency of–
> (i) the granting of the discharge;
> (ii) the last recent known address of the debtor;

2

    (iii) the last recent known name and address of the debtor's employer; and
    (iv) the name of each creditor that holds a claim that–
    (I) is not discharged under paragraph (2) or (4) of section 523(a); or
    (II) was reaffirmed by the debtor under section 524(c).

  The court agrees with the debtors that a plain reading of § 1302 (b)(6) and (d) permits the trustee to provide the required notices of this section to the DSS with directions for the DSS to forward the notices to Ms. Thorne. Furthermore, it is understandable that the DSS has a policy not to provide contact information for a recipient of a domestic support obligation to the payer of this obligation or to other parties. This policy would be defeated were the court to require the debtor to subpoena the contact information directly to provide it to the trustee. If for some reason the trustee has need of direct contact information of Ms. Thorne, the cost of discovering this contact information will fall upon the trustee.

  Accordingly, the trustee's motion to dismiss the debtors' case is **DISMISSED**.

**END OF DOCUMENT**